U.S. District Court
District of Rhode Island

James J. Silva

case # 04-170-S

v

The Rhode Island Family Court et's al.

Supplemental Exhibit To objection To Magistrate's R+R. Report.

To The Honorable Judge William E. Smith.

As per my Response I Told you Magistrate Lincoln D Almond was hiding This. So I got another one.

Also see page 587 of 519 A2d 1987.

This citation was "Fatal." Forte Knew it, The RI. Supreme Court Knew it and I even filed The proper Procedure Certiorari –

Stop This scandal here.

Thank you.
James J Silva

James J. Silva - 66350

Supp Exhibit "A"
over →

04-170-S

Supp Exhibit "B"



ıotified Mr. Sinapi
e could not be en-
had already been
Rotondi.

ed to appear before
on November 22,
er ordered him to
ould not be held in
ommissioner Lafer-
onsent decree in a
r Rotondi had al-

ıring Commissioner
lecision finding Mr.
ordered petitioner
Workers' Compen-
o decree was en-
e petitioner sought

is whether a work-
l commissioner is
ıtempt power.

e workers' compen-
ssesses the general
tempt. *Ferrucci v.*
561, 210 A.2d 143,
*Workmen's Com-*
, 91 R.I. 282, 287,
)). The Legislature
e commissioner the
l contempt through
tment) § 28-30-1.
does not limit the
t power.

compensation com-
tain judicial powers
ed by statute. The
existence of these
include, for exam-
ınd remove persons
We believe that the
ı criminal contempt
rming the duties of
ıtion trial commis-
on, therefore, that
was empowered to
ıal contempt.

e find that the com-
xercise of this pow-

er. In contempt proceedings, the workers' compensation trial commissioner may find guidance as set forth in the Superior Court Rules of Criminal Procedure. Rule 42(a) provides that in order to summarily dispose of a contempt proceeding, the justice must certify that he saw or heard the conduct constituting the contempt.

In the case at bar, Commissioner Rotondi was not present when Mr. Sinapi presented the consent decree to Commissioner Laferriere. Consequently, the requirements of Rule 42(a) were not met. Because of this error, the contempt finding is vacated.

**[4]** The respondent contends that the petitioner is not properly before this court. Rather, the commission argues that Mr. Sinapi should have first appealed to the Workers' Compensation Appellate Commission. The petitioner claims that he could not properly appeal to the appellate commission because no decree was ever entered. We are of the opinion that under the circumstances the petitioner is properly before us. Future contempt proceedings, however, will only be reviewed by this court after appeal to the appellate commission. Obviously this will require that a written decree be filed by the trial commissioner in the event of a finding of criminal contempt.

For the reasons stated, the petition for certiorari is granted. The writ previously issued is hereby affirmed. The judgment of the commissioner is quashed, and the case is remanded to the commission for further proceedings consistent with this opinion.

WEST KEY NUMBER SYSTEM

**STATE**

**v.**

**Carl R. YOUNG.**

**No. 86-142-C.A.**

Supreme Court of Rhode Island.

Jan. 9, 1987.

In a criminal action, the Superior Court, Providence County, Caldarone, J., certified a question of statutory construction. The Supreme Court, Murray, J., held that drug-dependent, as well as nondrug-dependent, persons, who manufacture, deliver, or possess with intent to deliver any schedule I or II controlled substances, including marijuana, are subject to imprisonment for not more than 30 years or fine of not more than $100,000 or both.

Question answered.

**1. Statutes ⚷241(1)**

Penal statutes must be strictly construed in favor of party upon whom penalty is to be imposed.

**2. Statutes ⚷190**

Where statute is clear on its face, there is no need to apply usual canons of statutory construction, for statute declares itself.

**3. Drugs and Narcotics ⚷133**

Drug-dependent, as well as nondrug-dependent, persons, who manufacture, deliver, or possess with intent to deliver any schedule I or II controlled substances, including marijuana, are subject to imprisonment for not more than 30 years or fine of not more than $100,000 or both. Gen.Laws 1956, § 21-28-4.01(A)(2)(a).

---

Arlene Violet, Atty. Gen., Thomas Dickinson, Annie Goldberg, Spec. Asst. Attys. Gen., for plaintiff.