UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

case # 04-170-S

James J. Silva

v.

A.T. Wall, Director of Prisons; R.I. Family Court; Jeremiah Jeremiah, chief Justice; Michael Forte, Judge; Howard Lipsey, Judge; Joseph Obrien, Master; Mutter, Justice; Patrick Lynch, Attorney General; Barbara E. Cayer.

: MOTION / PETITION FOR A CERTIFICATE OF APPEALABILITY:

Affidavit:

Respondent Barbara E. Cayer has a powerful police officer friend, Ex Cumberland Police Chief; Ex-Public Safetey Director, Providence Police; and ex-U.S. Marshall with The Federal Witness Protection Program. He worked with John Leyden and Bud Shannon,

"JOHN PARTINGTON"

My I.R.S. Tax Records; My Department of Corrections Records; My Court Records; My child support Records; and Transcripts have been Tampered, changed, or had portions deleted. These actions are the result of Abuse of The Powers of The witness Protection Program.

Knowing This I sought Jury-Trial-Protection pursuant to Rule 38 of The Rules of Procedure for Domestic Relations; Article 1-§15 of The Rhode Island Constitution; The VII U.S.C.A. Amendment of The U.S. Constitution; and 15-15-4 of The Rhode Island General Laws which provides; No divorce may be granted if Their is "Collusion" on behalf of one or both of The parties.

Petitioner filed a Habeas Corpus Petition and a Writ of Certiorari with The United States District Court for The District of Rhode Island which were docketed on May 10th 2004, and assigned case # 04-170-S.

I. Petitioner's very first claim of a Constitutional Violation was and remains, "Petitioner was denied his Right to a Jury-Trial in/regards to his divorce," not in/regards to his criminal contempt conviction as the intentional blatant misstatement of facts made by Magistrate Judge Lincoln D. Almond in his R+R. report alleges. That statement is an attempt to suppress the collusion, corrupt conduct, and numerous Constitutional Violations committed against this Petitioner and could very well lead someone of reasonable caution to believe the same conduct is continueing.

II. At a hearing before Judge Howard Lipsey of The Rhode Island Family Court Providence, he offered Barbara E. Cayer the services of The Public Defender pursuant to § 14-1-31 of The R.I.G.Laws while he, The Rhode Island Family Court Clerks, and all the other justices involved denied petitioner the same services.

Petitioner's second claim of a Constitutional Violation is; Were This Petitioner's Rights to Equal-Protection and the assistance of counsel violated?

III. After the filing of a Judicial Commission Complaint against Judge Howard Lipsey, The divorce complaint and counter complaint were re-assigned to Master Joseph Obrien.

Attempt to cover up a Civil Travesty and miscarriage of Justice which was violative of virtually every U.S. Constitutional Right to be afforded This U.S. Citizen. And Judge William E. Smith signs his name to it condoning the coverup.

Petitioner immediately filed Timely objections and a notice of Appeal.

As per our Honorable U.S. Court of Appeals Order of The Court dated, 6/30/05 Petitioner moves This Honorable U.S. District Court Grant a Certificate of Appealability and puts This Court on notice That This Certificate of Appealability petition has been forwarded to The U.S. Court of Appeals as his Status Report in/re to These matters.

Dated July 23rd 2005

Respectfully Submitted,

[signature]

Dear Clerk: Please Take note - exhibits will follow as I am being delayed or denied in my efforts to obtain photo-Copies.

J.S.

Two suspect in chambers conferences were held by Master Obrien, Two Orders were issued, A pre-Trial conference Order, and A pretrial Order. Auto-matic-Orders were Already in effect. Barbara E. Cayer had rejected Judge Howard Lipsey's offer of counsel pursuant to § 14-1-31 and replied, "I don't want anything I just want a divorce and I will represent myself.

AT The second in chambers conference before Master Obrien Barbara E. Cayer was again warned not to proceed pro/se and That if she was not ready to proceed with her complaint for divorce on The agreed upon trial date, (see Rule 40) May 9th 2003, Master Obrien was going to dismiss her complaint for divorce.

NOTE: Barbara E. Cayer had violated The Auto-matic Orders by disposing of property; had not complied with The pre-Trial conference Orders; The Pre-Trial Orders and was in contempt of All. She did not file or answer 1 motion, did not move for discovery or answer This Petitioner's motion for discovery.

On May 9th 2003, The scheduled and agreed upon Trial date This Petitioner had his witnesses and The proper evidence There. The very first Thing This Petitioner did was ask once again for The appointment of Counsel pursuant To § 14-1-31. Petitioner was ignored. (Please see exhibits P.F.C.A #1 and P.F.C.A #2). 2 signed, sworn, affidavitts in response To interrogatories. from witnesses To The Collusion and Corrupt Conduct.

NOTE: The Providence Family Court is involved in a cover-up and repeatedly refused To supply This petitioner with The Transcripts of These hearings and alleged hearings and is withholding The may 9th 2003, warrant of commitment / mittmus / or remand which should reflect This was The first Trial date.

being docketed.

– Motion To Vacate [redacted] Magistrate Judge Lincoln D. Almond's 12/17/04 Order which gives respondents a second opportunity To respond To Judge William E Smith's May 11th 2004 Order. This issue was preserved for Appeal. Court of Appeals # 05-1161.

– Magistrate Judge Lincoln D Almond makes a Ruling That [redacted] June 11th 2004 was a National Holiday by Executive Order which justified A.G. Aaron Weisman's late 6-14-2004 "motion To dismiss as moot" as a Timely response To Judge William E. Smith's 5-11-2004 order To respond "on or before" 6-11-2004.

**NOTE:** Petitioner Telephoned The U.S. District Court on 6/11/04 and conducted bussiness with a clerk,

– The Rhode Island Courts and Criminal Justice System were open for bussiness on That day, and

– When Petitioner moved for a copy of The Executive Order declaring June 11th 2004 as a National Holiday, none was forthcoming.

Magistrate Judge Lincoln D. Almond Twice denies petitioner's motion To Appoint Counsel and To conduct discovery, But states if an evidentiary hearing is To be held Then Petitioner can re-move The Court for The Appointment of counsel. Later, according To Judge William E Smith's 5-27-2005 Judgement in a Civil Case he claims he had a Trial or hearing. In/Re To This matter, 04-170-S. without notice To Petitioner, in his absence, without affording him representation of Counsel. (see event # 59)

Magistrate Lincoln D. Almonds Report and Recommendation (event #56) is full of misstated facts and untruths in an

This Petitioner even went to the A.C.L.U. for help who simply brushed him off. (See P.F.C.A. #3)

Master Obrien then asked Barbara E. Cayer if she was ready to proceed with her complaint for divorce. She replied yes, walked up to counsel's table and said, "Your Honor, I don't want anything I only want a divorce."

Master Obrien then screamed at the Plaintiff and granted her a 2 week continuance against Petitioner's vehement objections. Master Obrien simply got up, walked off the bench, and out the back door leaving this petitioner standing there in mid-argument with his witnesses and his evidence on the day not only scheduled for trial but agreed upon by the parties.

Petitioner's third set of alleged Constitutional Violations are as follows:

(a) - Did Master Obrien abuse his discretion and or violate this Petitioner's Constitutional Rights to Equal-Protection and fundamental fairness by not appointing him counsel pursuant to § 14-1-31;

(b) - Did Master Obrien abuse his discretion and or violate this Petitioner's Constitutional Rights to fundamental fairness by not dismissing Barbara E Cayer's complaint for divorce after saying he would if she was not ready to proceed on the scheduled and agreed upon trial date;

(c) - Did Master Obrien deny Petitioner his right to have his causes heard before a particular tribunal on May 9th 2003 depriving him of Res-judicata, when he continued these matters without establishing, Manifest Necessity;

(d) - Would a subsequent trial be violative of the doctrine of collateral estoppel as Barbara E. Cayer had already had

his own words admits he violated This petitioner's rights to "Notice and opportunity to defend"; (see Transcripts page 42 lines 23, 24, 25)

: "MAKE SURE THE DEFENDANT HAS NOTICE OF THE DATE AND TIME OF THE NEXT HEARING."

Not only has This Petitioner not recieved A notice of The date and Time of The next hearing for custody or equitable Distribution of The Marital assetts several motions filed have been ignored.

: Subsequent Events :

- 2 Timely notices of appeal never got docketed or even responded to. These were supplied as exhibits to Magistrate Judge Lincoln D. Almond,
- At least 2 motions for Relief from Final Judgement as per The Domestic Rules of Procedure went unresponded to,
- A petition for a Writ of Habeas Corpus and Certiorari were summarily denied without so much as requiring The defendants to respond. (by The Rhode Island Supreme Court) Pamela Woodcock Pfieffer and Moreen McKenna Goldbergs possible involvement is at least suspect.
- A Judgement by default is allegedly denied and Petitioner is denied A Civil Docket Report or Knowledge of This until on or about 12/30/04. This issue was preserved for appeal. was U.S. Court of Appeals # 05-1066. NOTE: Mail Tampering was involved in The delay of This notice of appeal

one full and fair opporatunity to litigate her civil complaint for divorce.

Petitioner claimed that his rights under the U.S. and R.I. Constitutions to due-process, fundamental fairness, notice and opporatunity to defend, equal protection, and double jeopardy were violated, in/re to the divorce proceedings.

IV. On May 24th 2003, knowing that Master Obrien had said there would be no more continuances Barbara E. Cayer's new counsel files a motion to vacate the appearance date. On June 6th 2003, Petitioner is habeased into the Rhode Island Family Court, Providence, where after a heated argument between Master Obrien and Petitioner, Master Obrien recused himself. However, he did not recuse himself before he told this Petitioner, "You will never get a Jury Trial". From that date forward Petitioner would recieve, no notices, orders, or correspondence from the Courts, Plaintiff, or Plaintiff's counsel in/re to the divorce. P03-2668.

<u>Was this Petitioner's Right to a Jury Trial denied him?</u>

Citing: Advisory Opinion to the Governor, 437 A2d 542 (R.I. 1981) under the Rhode Island Constitution, an accused is entitled to such Jury-Trial Right as was enjoyed at the time of adoption of the Rhode Island Constitution.

Citing: Fuds Inc. v. State, 727 A2d 693 (R.I. 1999) The right to a trial by jury is not only immune to any legislative attempt at abolishment or alteration, but must remain available to litigants "in any type of legal action" which was triable before a jury in 1843, the year the State's first Constitution became effective.

continuance was denied by The Clerks, who have no authority to do so. When Judge Michael Forte learned That This petitioner had recieved no notice of This date, was waiting for counsel from The Volunteer Lawyer Program, and had no witnesses present, did he abuse his discretion, violate This petitioner's due-process rights, fundamental fairness rights, rights To equal protection, and rights To a Jury-Trial by forcing This Petitioner who had not entered a pro-se entry of appearance nor been warned of The dangers of pro/se representation into a non-Jury-Trial? While Barbara E. Cryer had retained Christopher Lefebvre and had notice and her witnesses present?

(c) Rule 40 - Assignment of Cases for Trial; This petitioner recieved (No order of The Court)(There was no written agreement of The parties filed with The Clerk)(and no motion was served upon me by Plaintiff's counsel Christopher Lefebvre)

(d) There was no criminal contempt let alone one worth of Summary disposition. However, Judge Michael Forte failed To (1) inform petitioner of The conduct he Thought To be contumacious, (2) failed to give The petitioner an opportunity to mitigate, (3) failed To recite The alleged contumacious conduct in The remand/order. (This rendered The citation a Fatality). All These exhibits were provided To Magistrate Judge Lincoln D. Almond with The relevant case law.

Judge Michael Forte Then lied and made an attempt To Trick This petitioner into believing There was no appeal from his 5 month sentence. (see Transcripts) He Then in

CITING: Sarah A. Weaver, vs. Eugene Sturtevant, 12 R.I. 537; 1880. The Appellant also contends The sections are unconstitutional, because by conferring Jurisdiction To The probate Courts They impair The right To a Trial by Jury which is incident To an action of Dower. in The common law courts. We do not Think This position is Tenable. Any person who desires a Jury Trial can have it by simply Taking his appeal. This satisfies The Requirements of The Constitution. Beers v Beers, 4 Conn. 535; Stewart v. Mayor and City Council of Baltimore, 7 MD. 500; Morford v Barnes, 16 Tenn. 444, 8 Yer 444; Jones v Robbins, 8 Gray 329.

Petitioner filed 2 Timely notices of Appeal To The Superior and Supreme Courts. At least 2 motions for relief from final Judgement That went ignored by The Clerks and The Court. Copies of These notices were supplied To Magistrate Lincoln D. Almond.

Citing. V.T.C.A. Civil Practice and Remedies Code § 132.001 (a); Texas Rules Civ. Proc. Rules 216, 217. Fn/Re J.M.F. 116 S.W. 2d 426 (Tex. App. Houston 14th Dist 2003) Prison Inmate was entitled To Jury Trial in action To Terminate his parental rights, where he requested a Jury Trial in original answer and filed declaration of inability To pay costs.

Barbara E. Cayer and her first counsel, Edward M. Pepe had filed a Civil Complaint for Divorce which was full of "SHAM" pleadings. One of These pleadings was a request for a protection order preventing petitioner from having contact with his natural child, James R. Cayer. The First Amendment Provides That petitioner has The right To be involved in The day To day

Rights to notice and opportunity to defend, fundamental fairness, and due-process of law. As guaranteed by the Rhode Island and/or US Constitutions and was this violative of the Judicial Cannons Ethics and Article 3 § 7 of the Rhode Island Constitution which provide. he shall avoid the appearance of impropriety?

VI. September 3rd 2003. The Transcripts of this date have been provided to both the U.S. District Court and the U.S. Court of Appeals for the First Circuit in Boston. They alone are clear and convincing evidence that Judge Michael Forte presided over a "Sham" of a divorce Trial on September 3, 2003. where defendant James J. Silva's U.S. and R.I. Constitutional Rights were Trampled again without so much as providing notice or opportunity to defend.

This petitioner for almost 1 full year had fought off the corruption, collusion, and dirty Court Tactics perpetrated by Barbara E. Cayer's friends. However on this day while hand-cuffed and alone with no witnesses or the proper evidence he would be forced to fight for his and his son's rights.

Petitioner's Sixth set of Constitutional Violations and claims are:

(a) - Pursuant to Rule 39 (a) The Family Court Clerks were to designate this action as a JURY-TRIAL-ACTION did They? (see exhibit P.F.C.A. #4).

(b) - If Judge Michael Forte reviewed the file as he said he did he would have seen Barbara E. Cayer had received at least 5 continuances while my one motion for a

care of his natural child.

As far as This Petitioner is aware Barbara E Cayer nor Christopher Lefebure Amended This complaint full of sham pleadings, Never dismissed This complaint, nor filed a supplemental complaint.

Citing Fuds Inc. et al. v. State of Rhode Island et, al. 727, A2d 692 (1999) page 6, line 28 begin; Although we have looked to The conclusions and reasoning contained in United States Supreme Court decisions To inform our own "RIGHT-TO-A-JURY-TRIAL Jurisprudence, see Dipaedo 708 A2d @ 171-72; Benedict v. Cambio, 558 A2d 941 (R.I. 1989) we follow a distinctly more historical approach with respect to This issue Than The Supreme Court. see Benedict 558 A2d @ 944. CP. Dairy Queen Inc. v. Wood, 369 U.S. 469 82 S.CT. 894, 8 LEd 2d 44 (1962) requiring That, HN3 <u>where both legal and equitable issues are presented in a single case any legal issues for which a Jury Trial is Timely and properly demanded be submitted To a Jury.</u> Beacon Theaters v Westover, 359 U.S. 500 79 S.CT. 948, 3 LEd 2d 988 (1959)(same) see also Dipaedo, 708 A2d @ 171 ("In assessing whether a particular action merits a Jury Trial, we look To The historical nature of The claim, Tracing its origins and striving To discern analogies To forms of action known To The common law before The merger of Law and Equity.

Most certainly if a **Dowery** or an Employees claims of discrimination are entitled To a Jury-Trial so were This petitioner's rights To Custody, his claim of collusion, as well as The equitable distribution of his marital estate even if

if he was still alive.

Petitioners Fourth Constitutional Claim is, Judge Howard lipsey, Master Joseph Obrien, and Judge Michael Forte acted in concert and or collusion with the Providence Family Court Clerks to deprive him of his Rhode Island [redacted] Constitutional Right to a Jury Trial for his divorce and Appeal of Judge Michael Forte's decision.

V. October 27th 2003. On this date without notice petitioner was awaken at the A.C.F., Transported to Court and left to sit in the lower family court Jail Cells without anyone Telling him why he was There or when his next court appearance would be. Petitioner never went up into a courtroom and was later Transported back to The A.C.F.

Petitioner later aquired the remand / warrant of commitment which reflected, Judge Howard lipsey who did not so much as have the petitioner brought before the court, had continued P02-2668 The divorce matters to 9/3/2003.
NOTE: This document That was supplied to Magistrate Judge Lincoln D. Almond, only reflects a return date of 9/3/2003 not for Trial as Judge Michael Forte would later claim in the transcripts.

Petitioners Fifth set of Constitutional Claims are: when Judge Howard lipsey continued [redacted] P02-3668 To 9/[redacted]3/2003 without informing James J. Silva as to why he was There, or when his next scheduled date was, or even seeing to it That he did recieve notice. Did he violate This Petitioners

CERTIFICATION

I, the undersigned, hereby swear and certify that I will [redacted] mailed a true and correct copy [redacted] or a verbatim copy of the foregoing Motion to the Attorney General's Office, 150 South Main Street, Providence, RI, 02903, [redacted] 27Th day of July 2005.

Defendant, Pro Se