UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JAMES J. SILVA, Petitioner, | : | |
| vs. | : | C.A. No. 04-170-S |
| RHODE ISLAND FAMILY COURT, et al, Respondents. | : | |

**ORDER**

This matter is before the Court on Petitioner James J. Silva's Motion/Petition for a Certificate of Appealability ("COA request") pursuant to 28 U.S.C. § 2253(c), seeking authorization to appeal this Court's Judgment dismissing his Petition for Writ of Habeas Corpus.[1]

The Judgment, entered on May 27, 2005, was based on this Court's acceptance of a Report and Recommendation by Magistrate Judge Almond which recommended that Respondents' Motion to Dismiss be granted and that Silva's Motion for Summary Judgment be denied.

A COA may issue "only if the applicant has made a substantial showing of he denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For a COA to issue, a petitioner must demonstrate that

[1] Silva previously filed a notice of appeal in this matter, and the appeal has been docketed with the First Circuit as Dkt. No. 05-1891. The Court of Appeals directed Silva to file a request for a certificate of appealability (COA) with this Court, see Order dated June 30, 2005, and the instant COA Request appears to be filed in response to the Order.

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

Here, Silva's COA request asserts that in the course of his state divorce proceedings he was denied his constitutional rights to a jury trial, right to counsel, equal protection, due process and fundamental fairness, see COA Request at 2-9; that his constitutional rights were violated with respect to his summary contempt conviction, id. at 10-11; and that the alleged cover-up by the state courts has continued in this Court, id. at 12-13.[2]

The COA request only briefly mentions the Magistrate Judge's Report and Recommendation which was the sole basis for the Judgment. It does not address the findings made in the Report and Recommendation, including: (1) that the Petition was not moot notwithstanding Silva's release from custody in June 2004, see Report and Recommendation at 4-8; (2) that because the Amended Petition filed by Silva was not in proper form and did not comply

---

[2] Silva also claims that a trial or hearing was held in the instant matter without notice or opportunity for him to be present. COA Request at 12. The wording in the Judgment entered on May 27, 2005 states that "This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered." The Report and Recommendation and this Court's acceptance thereof were done on the papers without any hearing. The wording of the Judgment incorrectly implied that a trial or hearing had been conducted. This is likely the source of Silva's claim. However, the factual basis for the claim is simply not accurate, and therefore is without merit.

with Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts and this Court's Local Rule 29, it would not be considered, id. at 8-9; (3) that the claims of alleged violations of Silva's procedural due process rights in his Rhode Island Family Court divorce proceedings had previously been deemed inappropriate in this habeas proceeding by Order dated February 7, 2005, and thus would not be addressed, id. at 10, and (4) that Silva's summary contempt conviction in Rhode Island Family Court did not violate any of Silva's procedural due process or other constitutional rights. Id. at 11-13.

Silva has not shown any violation, let alone any substantial violation, of his constitutional rights in connection with the issues properly raised in his COA request so as to justify the issuance of a certificate of appealability. Rather, the COA request merely rehashes the facts, arguments and baseless statements that have been previously rejected by this Court.

In view of the foregoing, the Court DENIES Silva's COA request. Silva is free to seek consideration of his COA request from the Court of Appeals.

It is so ordered.

WESm

William E. Smith
United States District Judge
Date: 9/2/05